IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALAN MUNNERLYN<br>10498 Whitecrown<br>Corona, California 92883 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF** |
| EUROPEAN WINE IMPORTS, INC.<br>1633 E. 40th Street<br>Cleveland, Ohio 44114 | )<br>)<br>)<br>) | **(Jury Demand Endorsed Hereon)** |
| PLEASE ALSO SERVE:<br>European Wine Imports, Inc.<br>c/o Mitchell L. Alperin<br>3690 Orange Place Suite 575<br>Beachwood, Ohio 44122 | )<br>)<br>)<br>)<br>)<br>) | |
| And | )<br>) | |
| FRANCK KAKOU<br>1633 E. 40th Street<br>Cleveland, Ohio 44114 | )<br>)<br>)<br>) | |
| Defendants. | ) | |

Plaintiff, Alan Munnerlyn, by and through undersigned counsel, as his Complaint against Defendants, states and avers the following:

## INTRODUCTION

1. Munnerlyn brings this action against Defendant European Wine Imports, Inc. seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Law," or "OWL"), O.R.C. §§ 4111.15 *et seq*, and claims against all Defendants for violations of O.R.C. §§



The Employee's Attorney.™

4112.01 *et seq*. The following allegations are based upon information and belief, or personal knowledge as to Plaintiffs' own conduct and the conduct and acts of others.

## PARTIES

2. Munnerlyn is a resident of the city of Corona, State of California.

3. Defendant European Wine Imports is an Ohio corporation with its principle place of business located in the city of Cleveland, county of Cuyahoga, state of Ohio.

4. At all times referenced in the Complaint, European Wine Imports is an enterprise within the meaning of section 3(r) of the FLSA.

5. At all times referenced herein, European Wine Imports was Munnerlyn's employer within the meaning of R.C. § 4112.01(A)(2).

6. Upon information and belief, Defendant Franck Kakou is a resident of Ohio.

7. Kakou did, and, at all times hereinafter mentioned, acted directly or indirectly in the interest of European Wine Imports and/or within the scope of his employment at European Wine Imports.

8. At all times relevant herein, Kakou supervised and/or controlled Munnerlyn's employment at European Wine Imports.

9. At all times referenced herein, Kakou was Munnerlyn's employer within the meaning of R.C. § 4112.01(A)(2).

## JURISDICTION AND VENUE

10. Jurisdiction is proper over Defendants pursuant to 28 U.S.C. § 1331 in that Munnerlyn is alleging a federal law claim arising under the FLSA, 29 U.S.C. § 201, *et seq*. Thus, this Court has original jurisdiction over the federal law claims asserted in this Complaint under 28 U.S.C. § 1331.



11. This Court has supplemental jurisdiction over Munnerlyn's state law claims under 28 U.S.C. § 1367 as Munnerlyn's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

12. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which the Defendants operate and conduct business.

## **FACTS**

13. Munnerlyn is a former employee of the Defendants.

14. During all times material to this complaint, Munnerlyn was an employee of Defendants within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

15. On or about October 24, 2014, Munnerlyn was hired by Defendants for a warehouse helper/delivery driver position in Defendants' warehouse.

16. The warehouse helper/delivery driver position Munnerlyn accepted at European Wine Imports was an hourly, non-exempt position.

17. On or about October 24, 2014, Munnerlyn was required to sign an employment agreement to begin working with Defendants ("Employment Agreement").

18. A true and accurate copy of the Employment Agreement is attached hereto as Exhibit A.

19. The Employment Agreement contains language stating, "Any and all overtime incurred by employee will be paid at the regular hourly wage." ("Employment Agreement Compensation Provision").

20. The Employment Agreement Compensation Provision directly violated the FLSA and Ohio Minimum Fair Wage Standards Act.

21. Kakou signed the Employment Agreement on behalf of European Wine Imports.



22. During Munnerlyn's employment, Kakou regularly told Munnerlyn that European Wine Imports does not pay overtime wages.

23. Kakou did not require Munnerlyn to track the time that Munnerlyn spent working for European Wine Imports.

24. Kakou did not keep accurate records showing the number of hours that Munnerlyn spent working for European Wine Imports.

25. Defendants paid Munnerlyn $12.50 per hour for up to forty hours of work per week.

26. Munnerlyn regularly worked more than forty hours per week.

27. European Wine Imports did not pay Munnerlyn overtime at a rate of time and one half for any hours he worked over forty (40) in a given week.

28. Kakou knew that Munnerlyn was otherwise entitled to overtime and attempted to convince Munnerlyn that the contract he signed was enforceable as it related to depriving employees of a lawful overtime rate and overtime compensation.

29. Defendants knew that Munnerlyn was not exempt from the overtime wage obligations imposed by the FLSA.

30. Defendants knew that European Wine Imports was required to pay Munnerlyn overtime compensation at a rate of one and one-half their respective regular rates for hours worked in excess of forty (40) hours per workweek.

31. Kakou knew that Munnerlyn worked in excess of forty (40) hours per week but convinced Munnerlyn that European Wine Imports did not have to pay Munnerlyn for overtime hours.

32. In violating the FLSA, European Wine Imports, by and through Kakou, acted intentionally and willfully, and recklessly.


33. In violating the FLSA, European Wine Imports, by and through Kakou, acted in disregard of clearly applicable FLSA provisions.

34. In violating the FLSA, European Wine Imports, by and through Kakou, acted without a good faith basis in attempting to force employees to work without being paid overtime.

35. In violating the FLSA, European Wine Imports, by and through Kakou, attempted to deceive Munnerlyn and deprive him of overtime compensation he was otherwise entitled to.

36. In or around May 2015, Munnerlyn disclosed to Kakou that he had been diagnosed with leukemia ("Munnerlyn Leukemia Disclosure").

37. In or around May 2015, Kakou responded to the Munnerlyn Leukemia Disclosure by telling Munnerlyn to "go get better and come back [to work]."

38. In or around October 2015, Munnerlyn had a bone marrow transplant.

39. During the time period from May 2015 through October 2015, Munnerlyn periodically informed his supervisor and coworker at European Wine Imports about his condition and health status.

40. In or around December 2015, Munnerlyn informed his supervisor and coworker at European Wine Imports that he expected he could return to work during the first part of the year in 2016.

41. In or around January 2016, Kakou hired a new employee at European Wine Imports after learning that Munnerlyn was close to being cleared to return to work.

42. Munnerlyn's physician cleared him to return to work on or around February 15, 2016.

43. Munnerlyn informed Kakou that he was cleared to return to work in February 2016.

44. Kakou told Munnerlyn that Munnerlyn's cancer diagnosis and treatment had forced Munnerlyn to quit.

45. Munnerlyn informed Kakou that he did not wish to resign from his position at European Wine Imports.



46. On or around February 22, 2016, Kakou told Munnerlyn that he could never return to work at European Wine Imports in any capacity in the future.

47. From February 22, 2016, to present, Kakou has refused to consider Munnerlyn for open positions at European Wine Imports as a result of Munnerlyn's leukemia.

48. As a result of Defendants' discrimination against Munnerlyn, he suffered severe emotional distress.

49. As a result of being terminated unlawfully, Munnerlyn suffered severe emotional distress.

**COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT**

50. Munnerlyn restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

51. During all times material to this complaint, Munnerlyn was not exempt from receiving the minimum wage or overtime under the FLSA because, *inter alia*, he was not an "executive," "computer," "administrative," or "professional" employees, as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.0, *et seq*.

52. During all times material to this complaint, Munnerlyn was not exempt from receiving the minimum wage or overtime under the FLSA because he was paid an hourly rate, rather than a salary of at least $455.00 per week.

53. During all times material to this complaint, European Wine Imports failed to pay Munnerlyn overtime for all hours worked over forty (40) as prescribed by 29 U.S.C. § 206.

54. During all times material to this complaint, OSC willfully and/or intentionally violated 29 U.S.C. § 206.

55. In violating the FLSA, European Wine Imports acted willfully, without a good faith basis and in reckless disregard of clearly applicable FLSA provisions.



56. In violating the FLSA, European Wine Imports, by and through Kakou, acted in disregard of clearly applicable FLSA provisions.

57. In violating the FLSA, European Wine Imports, by and through Kakou, acted without a good faith basis in attempting to force employees to work without being paid overtime.

58. As a direct and proximate cause of Defendants' conduct, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Munnerlyn for the full amount of the required overtime rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

## COUNT II: VIOLATION OF THE OHIO WAGE ACT

59. Munnerlyn restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

60. The Ohio Wage Act requires that covered employees be compensated at a rate of one and one-half hours for all hours worked in excess of forty (40) in a workweek. *See* O.R.C. §§ 4111.01, *et seq.*

61. During all times material to this complaint, European Wine Imports was a covered employer required to comply with the Ohio Wage Act's mandates.

62. During all times material to this complaint, Munnerlyn was a covered employee entitled to individual protection of Ohio Wage Act.

63. European Wine Imports violated the Ohio Wage Act with respect to Munnerlyn by, *inter alia*, failing to pay Munnerlyn overtime for all hours worked in excess of forty (40) per week.

64. In violating the Ohio Wage Act, European Wine Imports acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio Wage Act provisions.



65. As a direct and proximate cause of Defendants' conduct, Defendants are liable to Munnerlyn for the full amount of the required overtime rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

### COUNT III: DISABILITY DISCRIMINATION BASED ON R.C. §4112.01 *ET SEQ*.

66. Munnerlyn restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

67. During the time period from May 2015 through February 2016, Munnerlyn was disabled.

68. Alternatively, Defendants perceived Munnerlyn as being disabled.

69. Munnerlyn's medical conditions substantially limited one or more of his major life activities including working.

70. Alternatively, Defendants perceived Munnerlyn's condition to substantially limit one or more of his major life activities including working.

71. Defendants treated Munnerlyn differently than other similarly-situated employees based on his actual or perceived disabling condition.

72. Defendants refused to consider Munnerlyn's application for employment and instead proceeded to hire non-disabled employees with less seniority for the open positions because of Munnerlyn's disability.

73. On or about February 22, 2016, Defendants terminated Munnerlyn's employment without just cause.

74. Defendants terminated Munnerlyn's employment based on his actual or perceived disability.

75. The Defendants violated R.C. §4112.01 *et seq*. when they discharged Munnerlyn based on his actual or perceived disability.



76. As a direct and proximate cause of Defendants' conduct, Munnerlyn suffered and will continue to suffer damages.

77. The Defendants violated R.C. §4112.01 *et seq.* by discriminating against Munnerlyn based on his actual or perceived disabling condition.

78. As a direct and proximate cause of the Defendants' conduct, Munnerlyn suffered and will continue to suffer damages.

### DEMAND FOR RELIEF

WHEREFORE, Alan Munnerlyn demands from Defendant the following:

(a) Awarding to Munnerlyn unpaid wages as to be determined at trial together with any liquidated damages allowed by FLSA;

(b) Awarding Munnerlyn costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

(c) Awarding Munnerlyn any such other and further relief as the Court deems just and proper;

(d) An injunction prohibiting Defendants from engaging in future violations of the FLSA, or the Ohio Wage Act;

(e) Issue an order requiring Defendant to restore Munnerlyn to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(f) An award against Defendant of compensatory and monetary damages to compensate Munnerlyn for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(g) An award of punitive damages against Defendant in an amount in excess of $25,000;

(h) An award of reasonable attorneys' fees and non-taxable costs for Munnerlyn's claims as allowable under law;



(i) An award of the taxable costs of this action;

(j) For a judgment against Defendants for all damage, relief, or any other recovery whatsoever; and

(k) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Fred M. Bean*

Fred M. Bean (0086756)
**THE SPITZ LAW FIRM, LLC**
WaterTower Plaza
25200 Chagrin Blvd., Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email:  Fred.Bean@SpitzLawFirm.com

*Attorneys For Plaintiff Alan Munnerlyn*



## JURY DEMAND

Plaintiff Alan Munnerlyn demands a trial by jury by the maximum number of jurors permitted.

>  */s/ Fred M. Bean*
>  Fred M. Bean (0086756)
>  **THE SPITZ LAW FIRM, LLC**

